IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| LARRON SINGLETON, | : | CIV. NO.  23-3300 (RMB) |
| | : | |
| Petitioner | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| | : | |
| Respondent | : | |

**IT APPEARING THAT:**

1. On or about June 15, 2023, pro se Petitioner Larron Singleton, a federal pretrial detainee confined in the Federal Detention Center in Philadelphia, PA, filed a petition for writ of habeas corpus, which this Court construes as arising under 28 U.S.C. § 2241, alleging that he is unlawfully detained without a preliminary hearing under Federal Criminal Rule 5.1, in violation of 18 U.S.C. § 3060. (Dkt. No. 1.)

2. This Court takes judicial notice of the Docket in *USA v. Singleton*, 1:19-mj-05656-SAK-1 (D.N.J.)  On December 8, 2022, the Honorable Magistrate Judge Sharon A. King revoked the order setting conditions for Petitioner's release and remanded Petitioner to the custody of the United States Marshals Service. (Dkt. No. 38.)

3. On January 20, 2023, and again on April 24, 2023, the Honorable Magistrate Judge King entered an Order for Continuance, in which Petitioner was represented by counsel, Paul A. Sarmousakis, Esq., and waived his right to a speedy trial. *USA v. Singleton*, 1:19-mj-05656-SAK-1 (D.N.J.) (Dkt. No. 39, 40.)

4. This Court takes judicial notice that on August 16, 2023, an indictment was filed against Petitioner in *USA v. Singleton*, Criminal Action No. 1:23-cr-00659-JHR (D.N.J.), and the docket was merged with *USA v. Singleton*, 1:19-mj-05656-SAK-1 (D.N.J.)  At an arraignment and bail hearing before Magistrate Judge King on August 30, 2023, Petitioner pled not guilty, and his application for bail was denied. Criminal Action No. 1:23-cr-00659-JHR (D.N.J.) (Dkt. Nos. 42, 44.)

5. A federal pretrial detainee may seek relief for alleged speedy trial violations in the trial court. *Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 247 (3d Cir. 2018) (citing *Gov't of Virgin Islands v. Bolones*, 427 F.2d 1135, 1136 (3d Cir. 1970) ("Whether the delay in bringing [a defendant] to trial has been so long and prejudicial as to deny [him] the right to a speedy trial is a matter to be determined in first instance on an appropriate pretrial motion.") (alterations added)).  In such a case, if the trial court denies relief, and the defendant is convicted, he may file a direct appeal. *Medina v. Choate*, 875 F.3d 1025, 1026 (10th Cir. 2017).  "Funneling requests for pretrial relief through the criminal action encourages an orderly, efficient resolution of the issues, maintains respect for the appellate process, and prevents duplication of judicial work and judge-shopping." *Reese*, 904 F.3d at 247.  A defendant may not circumvent these procedures by filing a pretrial habeas petition under 28 U.S.C. § 2241. *See Medina*, 875 F.3d at 1029 ("If a federal prisoner is ever entitled to relief under § 2241 based on something that happened before trial, the circumstances are so rare that they have apparently not yet arisen.")  This Court will dismiss Petitioner's pretrial habeas

petition without prejudice for failure to exhaust remedies available in *USA v. Singleton*, Criminal Action No. 1:23-cr-00659-JHR (D.N.J.).

An accompanying Order follows.

DATE: **September 8, 2023**

s/Renée Marie Bumb  
RENÉE MARIE BUMB  
Chief United States District Judge
